IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

OMA LEE JAMES, JR.                                                                                    PLAINTIFF

v.                              Civil No. 08-5265

SHANE M. KERR, Public
Defender                                                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 19, 2008, Oma Lee James, Jr., filed a *pro se* complaint under the provisions of 42 U.S.C. § 1983. Plaintiff is incarcerated at the Washington County Detention Center.

In the complaint, plaintiff alleges the defendant Shane M. Kerr, his public defender, came to see him at the detention center on October 30, 2008. The two talked about a potential plea agreement and Mr. Kerr promised to see about getting the plaintiff probation. Mr. Kerr was to return to see the plaintiff on Monday, November 3, 2008. When Mr. Kerr returned on November 3rd, plaintiff states he was advised that Mr. Kerr could no longer represent him because of a conflict of interest involving the Department of Human Services. As relief, plaintiff wants "what my lawyer, Mr. Shane Kerr said he could do for me."

Plaintiff failed to submit with his complaint a completed *in forma pauperis* (IFP) application. Specifically, the application did not have the certification regarding inmate funds held in his name completed. The complaint was provisionally filed and the clerk was directed to return the IFP application to him (Doc. 3). Plaintiff was given until January 5, 2009, to either have the certificate portion of the IFP application completed by the appropriate detention center official and return the application to this court for review and filing or pay the $350 filing fee. Plaintiff was advised if he failed to return the completed IFP application or pay the $350 filing fee by January 5, 2009, the complaint would become subject to summary dismissal for failure to obey an order of the court.

AO72A
(Rev. 8/82)

On January 26, 2009, a show cause order was issued (Doc. 4). Plaintiff was given until February 9, 2009, to show cause why this action should not be dismissed based on his failure to obey the order of this court. Plaintiff was advised that without a completed IFP application or the $350 filing fee a complaint, this case could not continue.

To date, plaintiff has not replied to the show cause order. Plaintiff has not supplied the court with a completed IFP application or paid the filing fee in this case. The court's orders have not been returned as undeliverable. Plaintiff has not communicated with the court in anyway.

I therefore recommend that this case be dismissed based on the plaintiff's failure to obey the orders of this court and his failure to prosecute this case. Furthermore, plaintiff's claims against Shane M. Kerr, his public defender, are not cognizable under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings).

**Mr. James has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Mr. James is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of February 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE